### 23679. LEE et al. v. CITY OF JESUP.

MOBLEY, Justice. Petitioners, as taxpayers and residents of the City of Jesup and of the territory affected by the Act in question, filed their petition to have declared unconstitutional and void a special Act amending the charter of the City of Jesup and extending the corporate limits of the city to annex a small tract of land contiguous to the City of Jesup, and to enjoin the enforcement of said Act. An election had been held pursuant to the Act in which a majority of the combined

votes of the voters in the city and in the area to be annexed was in favor of the annexation. Petitioners allege that there are already in existence general laws of Georgia, which provide for annexation of contiguous territory to cities by a majority vote of the voters in the city and in the area to be annexed, counted separately, so that those in the area may have a voice in the matter. It is alleged that the Act in question violates Art. I, Sec. IV, Par. I of the Constitution of Georgia (*Code Ann.* § 2-401) which provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law. No general law affecting private rights, shall be varied in any particular case, by special legislation, except with the free consent, in writing, of all persons to be affected thereby; and no person under legal disability to contract, is capable of such consent" in that the Act is contrary to general laws, including the Home Rule Act of 1965 (Ga. L. 1965, p. 298); Art. I, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-103), which provides for due process of law, and the due process clause of the Fourteenth Amendment of the United States Constitution, in that petitioners would be compelled to pay taxes and submit to the ordinances of the City of Jesup without having had their constitutional right to express their view on the matter of annexation of the area in question.

Defendant, the City of Jesup, filed a general demurrer to the petition. The trial court sustained the demurrer and dismissed the petition. The appeal is from this judgment. *Held:*

1. The existence of prior statutes permitting the enlargement of boundaries does not deprive the General Assembly of the power to alter and extend municipal boundaries without the consent of the persons affected thereby. *Toney v. Mayor &c. of Macon,* 119 Ga. 83 (1) (46 SE 80); *White v. City of Atlanta,* 134 Ga. 532 (5) (68 SE 103); *Murray v. City of Waycross,* 171 Ga. 484 (4) (156 SE 38). The authority to create and alter municipal systems of government is vested in the legislature by the Constitution of Georgia. *Phillips v. City of Atlanta,* 210 Ga. 72 (77 SE2d 723); Art. III, Sec. I, Par. I (*Code Ann.* § 2-1301) and Art. XV, Sec. I, Par. I (*Code Ann.* § 2-8301) of the Constitution of Georgia. Contrary to the contention of the appellant, the Home Rule Act of 1965 does

not provide the sole method by which the General Assembly may amend a city charter so as to change the city boundaries. Section 2 of the Home Rule Act of 1965 provides: "No municipality shall be incorporated, dissolved, merged or consolidated with any other municipality or municipal boundaries changed, *except by local act of the General Assembly* or by such methods as may be provided by general law." (Ga. L. 1965, pp. 298, 299). (Emphasis supplied). Thus, the General Assembly has retained the power to change municipal boundaries, and to do so by special Act. The Act here is a valid exercise of authority by the General Assembly.

2. An Act extending municipal boundaries does not violate the constitutional guarantee of due process of the law because it subjects property owners in the area annexed to taxation by the municipality (*Schneider v. City of Folkston*, 207 Ga. 434 (2) (62 SE2d 177)); nor does it deny to such property owners equal protection of the law within the meaning of the Fourteenth Amendment to the Constitution of the United States. *Smith v. Mayor &c. of Macon*, 129 Ga. 227 (2) (58 SE 713).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 22, 1966.

*Aaron Kravitch*, for appellants.
*Zorn & Royal, William A. Zorn*, for appellee.