### 30023. PILGRIM v. FIRST NATIONAL BANK OF ROME et al.

UNDERCOFLER, Presiding Justice.

A. C. Pilgrim sought a declaratory judgment against the First National Bank of Rome and Mrs. Verda B. Shahan, as executors and trustees under the will of Louis N. Shahan, deceased.

The record shows that in 1944 and 1948, the predecessors in title of Pilgrim purchased from the City Land Company, a corporation, two lots of land in the City of Rome on which the following building restrictions appear: "This conveyance is made subject to the following building restriction: that without the consent of the first

party, no building other than a dwelling house and necessary outbuildings going therewith shall be erected on said property, the dwelling to cost no less than $3,500."

The deed to Pilgrim contained the following language: "Said property is conveyed subject to existing easement and valid restrictions, if any."

The City Land Company was wholly owned by Louis N. Shahan and Verda B. Shahan. After the death of Mr. Shahan the City Land Company was dissolved by the executors. The petition alleges that since the fiduciaries dissolved the corporation, they are the proper defendants in the case; that the character of the neighborhood has changed; that the lots are located on a street which is predominately commercial; and that the lots are vacant and due to their shapes, it is impracticable and unserviceable to erect dwelling houses on them.

The petition sought (1) to have the restrictions declared null, void and of no effect and to have been made for the personal benefit of the grantor, the City Land Company; (2) since the corporation's dissolution, the lots should be declared free from any and all restrictions as to their use, and (3) for general equitable relief.

The defendants contend that the petition should be dismissed because the property has been sold and the selling corporation dissolved; that they have no interest in the property and should be completely out of the matter; and that they have no claims adverse to the petitioner. The defendants also contend that the petition should be dismissed for failure to join as necessary parties the owners of the other lots in the subdivision.

The trial court held that no justiciable controversy existed between adverse parties and that a claim for declaratory judgment would not lie. The court also held that the claim of Pilgrim amounted to a request for an advisory opinion. The appeal is from that judgment. *Held:*

In *Cook v. Sikes,* 210 Ga. 722, 725 (82 SE2d 641) this court said: "Under our Declaratory Judgment Act which the legislature passed in 1945 (Ga. L. 1945, p. 137), the respective superior courts of this State have power on petition therefor to declare the rights and other legal relations of an interested party, (a) in cases of actual controversy; and (b) in any civil case in which it appears to

the court that the ends of justice require that such a declaration should be made for the guidance and protection of the petitioner. Code (Ann. Supp.) § 110-1101 (a-b); *Calvary Independent Baptist Church v. City of Rome,* 208 Ga. 312 (66 SE2d 726). But, in either event, a declaration will be refused where no party to the proceeding has an interest in the controversy adverse to that of the petitioner. 16 AmJur 300, § 26. 'It may be stated as a general rule, applicable to declaratory judgment actions generally, that the parties seeking to maintain the action must have the capacity to sue, and must have a right which is justiciable and subject to a declaration of rights, and it must be brought against an adverse party with an antagonistic interest.' Anderson on Declaratory Judgments (2d Ed.) 364, § 185. 'Actions or opinions are denominated 'advisory' when there is an insufficient interest in the plaintiff or defendant to justify judicial determination, where the judgment sought would not constitute specific relief to a litigant or affect legal relations or where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive.' Borchard on Declaratory Judgments (2d Ed.) 35; Garden City News v. Hurst, 129 Kan. 365 (282 P. 720). For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute. 16 AmJur 299, § 26. There can be no justiciable controversy unless there are interested parties asserting adverse claims upon a state of facts which have accrued. *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651). The rule seems to be clear and well settled in this and other jurisdictions, that failure to name an adverse party or parties with an antagonistic interest is fatal to justiciability in an action for declaratory relief. Anderson on Declaratory Judgments, 298, § 155."

Since there are no adversary parties or parties with antagonistic interests in this proceeding, the trial court properly dismissed the claim.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

Submitted June 11, 1975 — Decided September 16, 1975.

*Horace T. Clary,* for appellant.

*Walton, Smith, Shaw, Maddox & Davidson, John M. Graham, III,* for appellees.

GUNTER, Justice, dissenting.

I think the complaint in this case stated a claim for declaratory relief against proper adverse parties. I therefore dissent.

City Land Company, a corporation, conveyed land subject to restrictive covenants that could only be dissolved or abrogated with the consent of the grantor, the corporation. The corporation was wholly owned by Louis N. Shahan and Verda B. Shahan. After the death of Mr. Shahan the corporation was dissolved by the personal representatives of his estate, the appellees here and the defendants in the trial court. The complaint alleged that since the appellees dissolved the corporation, they are proper parties defendant in the case.

Since the corporation was the only party that could eliminate the restrictive covenants, and since it is now dissolved and non-existent, it is clear that it cannot be a party in an action brought to remove the restrictive covenants. However, some party must stand in its place, and, in my opinion, our law wisely provides for such a substitution. The complaint alleges that the appellees brought about the dissolution of the corporation, and it is my view that the appellees now stand in the place of the corporation as representatives and agents of the owners of all the shares of the corporation when it was in existence.

Code Ann. § 22-4111 provides: "Suits for the enforcement of any demand or cause of action due by a dissolved corporation may to a like extent be instituted and enforced against it in any court having jurisdiction thereof at the time of its dissolution, and service thereof may be perfected either by seizure of the property of such corporation, by any form of legal process, or by serving with process issued upon said suits any person who, as an agent or officer of such corporation, was subject to be served as its officer or agent at the time of such dissolution."

Since I think the complaint stated a proper claim for declaratory relief, and since I think the appellees were proper adverse parties in this action for declaratory relief, I would reverse the judgment of the trial court.

I respectfully dissent.