31127. BALLENTINE et al. v. WILLINGHAM et al.

NICHOLS, Chief Justice.

The appellants brought a declaratory judgment action, naming officials of the City of Waycross as defendants, in which they sought to have Ga. L. 1972, pp. 2970-2972 declared unconstitutional. The Act annexed a certain area into the City of Waycross effective January 1, 1975. Such Act was amended in 1973 (Ga. L. 1973, pp. 3216-3218), to change the effective date to January 1, 1976. The appellants contend the delay in the effective date of the Act resulted in an illegal exemption from city ad valorem taxes for the years 1973, 1974 and 1975 and that the property annexed does not meet the legislative standards set forth in Ga. L. 1970, pp. 426-435. It is also contended that the passage of the Alternative Method of Extending Municipal Boundaries Act (a general law) took away the legislative authority to pass local acts annexing territory to municipal corporations. The trial court dismissed the complaint for failure to state a claim and the plaintiffs appeal.

1. The Act of 1970, supra, is entitled "Alternative Method of Extending Municipal Boundaries" and it is stated in the enacting clause: "An Act to provide an alternative method, cumulative to existing methods . . ." It has always been within the power of the General Assembly to extend or diminish the corporate limits of a municipality and there is no merit in this contention. *Lee v. City of Jesup,* 222 Ga. 530 (1) (150 SE2d 836) (1966).

2. The appellants are tenants of a shopping mall located within the annexed area. Their leases provide that after the second year each lessee shall pay the proportionate amount of any increase in ad valorem taxes as the square footage of their leased premises bears to the square footage of the whole mall. The appellants contend that this provision of their leases, coupled with the effective date of January 1, 1976, amounts to an exemption of taxes to the owners and developers of the shopping mall.

Until the effective date of the Act, the owners of the property and the plaintiffs, as tenants, all had the same standing insofar as ad valorem taxes, licenses and occupational taxes were concerned. Neither the owners or tenants were liable for municipal taxes or licenses and therefore no exemption was involved.

3. The plaintiffs alleged that they were not given notice of the proposed annexation. Personal notice is not required. The Acts in question show notice by publication as required by the Constitution (Code Ann. § 2-1915), and the statute (Code Ann. § 47-801). There is no merit in this contention.

The trial court did not err in dismissing the petition for failure to state a claim.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 11, 1976 — DECIDED JUNE 8, 1976.

*W. J. Jacques, Jr.,* for appellants.

*Wilson G. Pedrick, Arthur K. Bolton, Attorney General,* for appellees.