S91A0487. PANGLE et al. v. GOSSETT et al.
(404 SE2d 561)

BENHAM, Justice.

Appellants seek review of the dismissal of their petition for declaratory judgment, in which they sought a decision on the constitutionality of OCGA § 51-12-5.1 (d) (2), (e) (1), (e) (2), and (g).[1] On motion of the Attorney General of Georgia, the trial court dismissed the petition for failure to state a claim as there were no adverse parties and the petition presented no justiciable controversy.

1. Appellants initiated the declaratory judgment action after they filed a products liability suit in which they sought punitive damages against the manufacturer, the distributor, and the vendor of L-Tryptophan. They named as defendants in the declaratory judgment ac-

---

[1] Part of the provisions of the Tort Reform Act of 1987, the statutory provisions appellants seek to attack involve the restrictions on the award of punitive damages in a products liability case, especially the limitation of the recovery in Georgia of one award of punitive damages from a defendant, regardless of the number of causes of action which may arise; the requirement that 75 percent of any such punitive damages award be paid to the State treasury; and the $250,000 cap on punitive damages awarded in tort actions not statutorily exempted from that limitation.

tion Georgia residents who had filed or who planned to file similar claims against the manufacturer of L-Tryptophan.

The Georgia Declaratory Judgment statute, OCGA § 9-4-2 provides:

> (a) In cases of actual controversy, the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

> (b) In addition to the cases specified in subsection (a) . . ., the respective superior courts of this state shall have power, upon petition or other appropriate pleading, to declare rights and other legal relations of any interested party petitioning for the declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that the declaration should be made; and the declaration shall have the force and effect of a final judgment or decree and be reviewable as such.

The inclusion of subsection (b) makes the Georgia Declaratory Judgment Act "much broader in scope and more comprehensive in its jurisdiction of justiciable controversies" than the declaratory judgment acts of many other states. *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312 (3) (66 SE2d 726) (1951). However, the presence in the declaratory judgment action of a party with an interest in the controversy adverse to that of the petitioner is necessary under either subsection (a) or (b). *Pilgrim v. First Nat. Bank*, 235 Ga. 172 (219 SE2d 135) (1975); *Cook v. Sikes*, 210 Ga. 722 (82 SE2d 641) (1954).

> For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute. [Id. at 726.]

In the case at bar, appellants have not claimed a right which appellees are denying. Rather, both appellants and appellees seek a declaration that portions of OCGA § 51-12-5.1 are unconstitutional.[2] There

---

[2] In fact, the argument portion of the brief filed by appellees with this court consisted of a request that appellees be allowed to adopt the arguments made by appellants.

is no party to the declaratory judgment action that seeks to uphold the constitutionality of the statute under attack.[3] In light of the lack of adverse parties to the proceeding, the trial court did not err when it dismissed appellants' declaratory judgment action for failure to state a claim. *Pilgrim v. First Nat. Bank*, supra. See also *Bd. of Trustees, etc. v. Kenworthy*, 253 Ga. 554 (322 SE2d 720) (1984).

2. Since the trial court acted properly in dismissing appellants' petition for declaratory judgment, it did not err when it failed to reach the merits of the petition, the constitutionality of portions of OCGA § 51-12-5.1. In the absence of a ruling on the issue by the trial court, we decline appellants' invitation to address their constitutional challenges to the statute.[4] *Hardison v. Haslam*, 250 Ga. 59 (3) (295 SE2d 830) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 1991.

*Mitchell, Coppedge, Wester, Bisson & Miller, Warren N. Coppedge, Jr., Susan W. Bisson*, for appellants.

*Roach, Hasty & Geiger, William G. Hasty, Jr., William W. Fincher III, Moffett & Henderson, L. Prentice Eager III, Stephen H. DeBaun, Word & Flinn, Gerald P. Word, Butler, Wooten, Overby & Cheeley, Patrick A. Dawson*, for appellees.

---

[3] That the Attorney General was served with a copy of the proceeding and was heard pursuant to OCGA § 9-4-7 (c) did not make the Attorney General a party to the proceeding. *Pharris v. Mayor of Jefferson*, 226 Ga. 489 (175 SE2d 845) (1970).

[4] *Jenkins v. Manry*, 216 Ga. 538 (118 SE2d 91) (1961), cited in support of appellants' invitation, is distinguishable. There, this court reversed the trial court's dismissal of the declaratory judgment action and then proceeded to address the merits of the petitioner's constitutional challenge. Here, we are in agreement with the trial court that the declaratory judgment petition failed to state a claim.