A92A0489. FAMBLE et al. v. STATE FARM INSURANCE COMPANY.
(419 SE2d 143)

BIRDSONG, Presiding Judge.

Appellants Famble appeal the order of the superior court granting appellee State Farm Insurance Company's petition for declaratory judgment and entering summary judgment in favor of appellee.

Fernando Rodriguez owned a pickup truck; insurance coverage was provided pursuant to the terms of a policy issued in the state of Texas by State Farm. Rodriguez loaned the truck to George Garcia but instructed him that no one else was to drive it. Aureliano Ramirez drove the truck while it was on loan to Garcia and was involved in two automobile collisions, one of which apparently resulted in the death of Ursula Famble. Following the accident, State Farm obtained a reservation of rights from Rodriguez, regarding the issue whether Ramirez was a permissive user of the truck at the time of the incidents. Appellants Famble filed suit against Ramirez and Rodriguez in state court. State Farm filed a petition for declaratory judgment in superior court naming appellants Famble, Ramirez, Rodriguez, and one Gladys M. Lajes as party defendants. Appellants/defendants Famble filed an answer and defendant Rodriguez both answered and filed a counterclaim. State Farm supplemented its petition by filing as exhibits an affidavit of Rodriguez and a copy of the insurance policy. The superior court in its final order granted summary judgment to State Farm. In this order, the superior court concluded that "since there are no genuine issues of material fact regarding the permissive use issue, this court finds that State Farm does not have any coverage liability as provided for by terms in Paragraph A.8 on Page 5 of the policy." *Held:*

1. OCGA § 9-4-1 provides that the purpose of the statutory provisions pertaining to declaratory judgments (Title 9, Chapter 4, OCGA)

is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and that these provisions are to be "liberally construed and administered." Thus in declaratory judgment actions, our courts are bound to consider the expressed purpose of our declaratory judgment statutes and to construe and administer these statutes liberally so as to accomplish this underlying statutory purpose.

2. Appellants assert the trial court erred by rendering an advisory opinion on a petition for declaratory judgment, by granting the petition for declaratory judgment when the rights of the parties have already accrued, and by granting a petition for declaratory judgment when appellee was not faced with any future undirected action that would jeopardize its rights.

" ' "Actions or opinions are denominated 'advisory' when there is an insufficient interest in the plaintiff or defendant to justify judicial determination, where the judgment sought would not constitute specific relief to a litigant or affect legal relations or where, by reason of inadequacy of parties defendant, the judgment could not be sufficiently conclusive." ' " *Pilgrim v. First Nat. Bank*, 235 Ga. 172, 174 (219 SE2d 135); accord *Cook v. Sikes*, 210 Ga. 722, 726 (82 SE2d 641). Applying this test, we find State Farm did not seek an advisory opinion by means of declaratory judgment. The declaratory judgment sought would provide specific relief to litigant State Farm and would directly affect legal relations between State Farm and defendants Ramirez and Rodriguez, within the meaning of *Pilgrim,* supra, and *Cook,* supra, and additionally, indirectly affect State Farm's legal relations with appellants/defendants Famble.

Appellants argue, inter alia, that State Farm has not been exposed to uncertainty with regard to its duty to defend its insured. The record discloses there exists a pending action which could possibly expose State Farm to uncertainty with regard to its duty to defend its insured, particularly in view of State Farm's timely reservation of rights (*State Farm &c. Ins. Co. v. Allstate Ins. Co.*, 132 Ga. App. 332 (208 SE2d 170)), and also as to the scope of policy coverage (see *Nationwide Mut. Ins. Co. v. Peek*, 112 Ga. App. 260, 263 (145 SE2d 50); compare *Shield Ins. Co. v. Hutchins*, 149 Ga. App. 742 (2) (256 SE2d 108)). "An insurer can readily show that it is in a position of insecurity and uncertainty when faced with the dilemma of providing and paying for a defense of its insured in a tort action as required under the liability policy or of denying coverage and thus losing the opportunity *to protect its interest* in the tort case." (Emphasis supplied.) Jenkins & Miller, Ga. Auto. Ins. Law, § 7-4. *Chastain v. U. S. Fid. &c. Co.*, 190 Ga. App. 215 (378 SE2d 397) is factually distinguishable.

" ' " 'The object of the declaratory judgment is to permit deter-

mination of a controversy *before* obligations are repudiated or rights are violated. . . . [I]ts purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light *before* he steps rather than after he has stepped in a hole.' " " " *Chastain v. U. S. Fid. &c. Co.,* supra at 216-217 (1). OCGA § 9-4-2 pertinently provides: "(a) In cases of actual controversy, the respective superior courts of this state shall have power, upon petition . . . to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed . . . (b) In addition to the cases specified in subsection (a) . . . the respective superior courts of this state shall have power, upon petition . . . to declare rights and other legal relations of any interested party petitioning for the declaration, whether or not further relief is or could be prayed, in any civil case in which it appears to the court that the ends of justice require that the declaration should be made. . . ."

"The inclusion of subsection (b) makes the Georgia Declaratory Judgment Act 'much broader in scope and more comprehensive in its jurisdiction of justiciable controversies' than the declaratory judgment acts of many other states. [Cit.] However, the presence *in the declaratory judgment action* of a party with an interest in the controversy adverse to that of the petitioner is necessary under either subsection (a) or (b) [Cits.] 'For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute.' " (Emphasis supplied.) *Pangle v. Gossett,* 261 Ga. 307, 308 (404 SE2d 561). But, "[o]nly 'where no party to the proceeding has an interest in the controversy adverse to that of the petitioner' is there a complete absence of a justiciable controversy." *Cawthon v. Waco Fire &c. Ins. Co.,* 190 Ga. App. 797, 799 (1) (380 SE2d 327).

In determining whether a party is present in the declaratory judgment action with an interest adverse to petitioner, as required by a liberal construction of OCGA § 9-4-2 (b), a court may consider the totality of the circumstances reflected in the record before it, including the pleadings filed by the parties to the declaratory judgment action. State Farm *entered a reservation of rights* with its insured Rodriguez; clearly the insurer and the insured's interest are adverse regarding whether State Farm does or does not have a right to decline to defend the pending suit brought by appellants Famble against the insured and Ramirez. See *State Farm &c. Ins. Co. v. Allstate Ins. Co.,* supra (trial court properly denied motion to dismiss declaratory judgment on the ground of lack of justiciable issue where insurer was defending under a reservation of rights); but compare *McCraney v. Fire &c. Ins. Co.,* 182 Ga. App. 895, 896 (357 SE2d 327) (appellant failed

to avail itself of "the proper and safe course of action" of entering upon a defense under a reservation of rights and then proceeding to seek a declaratory judgment). In fact, in his counterclaim Rodriguez avers "he is owed a defense, under the terms and provisions of the insurance agreement with State Farm." Additionally, we are not oblivious to the interest that appellants Famble have in this declaratory judgment action, which is obviously adverse to the interest State Farm has in establishing that appellant Ramirez was a person excluded as a "covered person" under the policy, in order to retain a source for satisfaction of any judgment which might be ultimately obtained against Ramirez in their pending civil suit. And, of course, defendant Ramirez would have an interest adverse to State Farm in regard to whether he is a "covered person" under the policy issued to Rodriguez and whether, as such, he too is entitled to be defended by State Farm.

We find that a justiciable controversy existed in this case, that the insurance company adequately demonstrated a need for a decision that would control its future actions, and that, within the meaning of OCGA § 9-4-2 (b), the ends of justice required that the declaratory judgment petitioned for by State Farm should have been made. Compare *Atlanta Cas. Co. v. Fountain,* 262 Ga. 16 (413 SE2d 450); *Strickland v. Ga. Cas. &c. Co.,* 224 Ga. 487, 488 (1) (162 SE2d 421); see generally, Ga. Auto. Ins. Law, supra at § 7-2, p. 40. All of appellants' assertions in support of its first, second, and third enumerations of error are without merit.

3. State Farm has not engaged in improper forum shopping merely by filing a petition in superior court for declaratory judgment; in fact, State Farm is not a party to the personal injury action brought by appellants in state court and the question of its coverage is not directly in issue there. *Smith v. State Farm &c. Ins. Co.,* 122 Ga. App. 430, 431-432 (1) (177 SE2d 195). Additionally, "[s]uits for declaratory judgment by an automobile insurance carrier seeking to determine questions of coverage with respect to pending tort actions have been approved in numerous instances by the Supreme Court." Id. at 432 (1); compare *Coleman v. Dairyland Ins. Co.,* 130 Ga. App. 228 (202 SE2d 698).

4. Appellants assert the trial court erred in treating appellee's petition for declaratory judgment as a motion for summary judgment. On April 23, 1991, State Farm's "Plaintiff's Supplement to its Petition for Declaratory Judgment" was filed, accompanied by a certificate of service on opposing counsel bearing the same date. The record reveals that the "Notice of Filing of Affidavit of (Defendant) Fernando Rodriguez," filed on October 1, 1991, expressly refers to "pending motions for summary judgment." Further, the trial court's order, filed October 10, 1991, on its face reflects that it considered and

granted "State Farm's Motion for Summary Judgment." Appellants' notice of appeal pertinently provides that "transcript of evidence and proceedings will not be filed for inclusion in the record on appeal."

A motion to dismiss, if otherwise timely, can be made orally at a hearing, for example, at a hearing for temporary relief. *Royston v. Royston*, 236 Ga. 648, 649 (225 SE2d 41). However, the trial court would be required to set a date for another hearing on the motion at least 30 days from the time the motion was made (OCGA § 9-11-56 (c)), unless such notice and opportunity to respond are waived. Compare *Royston*, supra at 649 with *Peppers v. Elder*, 248 Ga. 136 (281 SE2d 582). In the absence of the hearing transcripts, it cannot be determined from the posture of this record whether an oral motion for summary judgment was made and whether appellants were provided the requisite notice and opportunity or waived the same. The record before us on appeal reflects that State Farm did make some type of motion for summary judgment and that the parties were provided with some amount of notice and opportunity to respond. Even assuming arguendo State Farm failed to make an oral motion for summary judgment at a hearing, "it is well-settled that summary judgment can be granted [sua sponte by the trial court] to a non-moving party *provided the grant is proper in all other respects*. As a general rule, if [, as in this case,] the record demands such a judgment, it would be proper. However, care should, of course, be taken by the trial court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law. The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him." (Citations and punctuation omitted; emphasis supplied.) *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 170 (1) (390 SE2d 257).

Appellants' notice of appeal reveals that they elected not to provide this court with transcripts of hearings. Without examining these hearings, this court cannot determine that error has been committed as asserted by appellants. Appellants have the burden of showing error affirmatively by the record. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688). "Defendant[ ] expressly designated no transcript of the evidence to be filed. [Cit.] Where appellants choose to omit the transcript, and it is necessary for a review of the claimed error, they have failed to meet their burden of showing error. In such case, this court will assume the evidence sufficient and affirm." *Hunnicutt v. Hunnicutt*, 182 Ga. App. 578, 579 (356 SE2d 679); accord *Smith v. Smith*, 223 Ga. 795 (2) (158 SE2d 679); *Nodvin v. West*, 197 Ga. App. 92, 97

(3 c) (397 SE2d 581); *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466). Also, the trial court could have used OCGA § 9-11-56 and Uniform Superior Court Rule 6 and reached the same result.

Accordingly, we affirm the trial court's grant of summary judgment to State Farm on the applicability of paragraph A.8 on page 5 of the policy.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MAY 22, 1992.

*Sage Brown & Associates, Sage Brown,* for appellants.
*Kent & Rackett, A. Martin Kent, William O. Williamson III, Herndon, Chestnut, Rosenblum & Ashby, Thomas R. Herndon, Simon & Booth, William M. Simon,* for appellee.

