A94A0384. BANK OF SPALDING COUNTY v. POUND et al.
(444 SE2d 375)

ANDREWS, Judge.

The Bank of Spalding County (Bank) appeals from the trial court's ruling that a set-off by the Bank against a checking account of Whitworth and Wright, Inc. was improper.

Viewed in favor of the trial court's factual findings, the evidence showed that Pound had established an insurance agency about 20 years ago. In July 1988, this agency was sold to Whitworth and Wright by transferring the assets of Pound, Ltd. to a new corporation, Whitworth & Wright, Inc. (W & W). Pound took a small downpayment and two notes signed on July 1, 1988. The notes were secured by the "furniture, fixtures, equipment, accounts receivable, book of business and company contracts, together with all replacements and accessions thereto. . . ."

W & W maintained three checking accounts at the Bank, including # 400-00-630. In addition, W & W established a $100,000 line of credit with the Bank, which was renewed on February 26, 1993, maturing on June 15, 1993. This note was personally guaranteed by Wright and Whitworth.

W & W stayed current with payments due Pound under the notes and security agreement until March 3, 1993 when Whitworth called Pound and told him they could make no more payments. Litigation ensued and a settlement was reached.

As part of the settlement, a Transfer of Title to Assets in Lieu of Foreclosure was executed by W & W. It stated that, pursuant to the power and authority granted in the 1988 Security Agreement, W & W "does hereby convey and transfer to [Pound] . . . any and all rights, titles and interests it may have in and to the following described property, to wit: Any and all assets of [W & W] including but not limited to any and all furniture, fixtures, equipment, accounts receivable, books of business and company contracts, together with all replacements and accessions thereto, which are cumulatively referred to in the Security Agreement "as the Collateral." A copy of this trans-

fer was delivered by Pound to the Bank at 4:41 p.m. on June 10, 1993.

W & W and Pound entered into a stipulation of record below that, pursuant to the settlement agreement and the transfer, "any and all funds in [the Bank's] account numbers: 400-00-631 . . . are the property of and are owned by . . . Pound, who is entitled to immediate possession and control thereof."

Pound took over control of W & W's assets, established a new insurance agency, "Pound, Inc.," and continued to do business, although using new bank accounts at another bank.

Pound had been the insurance agent for Spalding County for years, and this was part of the business purchased by W & W. On June 3, 1993, the county forwarded to W & W its check ($289,546) for insurance premiums due. That check was deposited into account # 400-00-631 on June 4. Prior to the deposit of that check, the bookkeeper for W & W testified that, due to checks which she had already written but not distributed, W & W had a negative cash flow of −$107,238.89.

After receipt of the transfer, the Bank executed a set-off of $102,041.67 against account # 400-00-630.[1] Notice of the set-off was sent to W & W by letter dated June 11, 1993 and the set-off posted on the W & W bank statement on June 14, 1993.

There was not enough money remaining in the accounts to pay the Spalding County insurers.

The Bank then filed this interpleader action against W & W and Pound regarding the money left in the three bank accounts after the set-off. Pound then filed a counterclaim seeking a declaratory judgment that the set-off was improper and that he, as agent for the insurers of Spalding County, was entitled to the funds.

1. In its second enumeration, the Bank contends that the court's consideration of Pound's counterclaim for declaratory judgment was inappropriate because there was no "justiciable controversy."

"The inclusion of subsection [OCGA § 9-4-2] (b) makes the Georgia Declaratory Judgment Act 'much broader in scope and more comprehensive in its jurisdiction of justiciable controversies' than the declaratory judgment acts of many other states. [Cit.]" *Pangle v. Gossett*, 261 Ga. 307, 308 (1) (404 SE2d 561) (1991).

Here, it cannot be denied that Pound claims an interest in the money set-off by the Bank which is adverse to that of the Bank. Id. Therefore, the court correctly considered Pound's counterclaim for declaratory judgment. *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332, 335 (2) (419 SE2d 143) (1992); see *Harrison v. Speidel*, 244 Ga.

---

[1] This account was the only one of the three accounts containing a balance large enough to cover the amount due under the note.

643, 644, n. 1 (261 SE2d 577) (1979).

2. The Bank's first enumeration is that the court erred in declaring the set-off improper because the Bank's right of set-off was superior to Pound's rights under the transfer of assets.

The Bank relies primarily upon *Guerry v. Perryman*, 6 Ga. 119, 123 (1849) for its contention that Pound, as assignee of W & W's rights in the bank accounts, took that assignment "legally subject to *all the equities of the original debtor*," including the Bank's right of set-off. That case, however, is factually distinguishable from this. There, the court found that there was no proof in the record that Perryman's assignees ever gave notice to Guerry, the maker of the notes, that they were the assignees thereof. Here, it is not disputed that, at the time the set-off was executed by the Bank, it was clearly aware of the assignment by its depositor W & W to Pound. See *Bank of Oglethorpe v. Brooks*, 33 Ga. App. 84, 85 (3) (125 SE 600) (1924).

OCGA § 33-23-35 (b) provides that "[a]ll funds representing premiums received . . . by any agent . . . shall be accounted for in the licensee's [insurance agent's] fiduciary capacity, . . . , and shall be promptly accounted for and paid to the insurer. . . ." Under this section, the check of Spalding County which was deposited into the W & W account was subject to this section and represented "trust funds" in the possession of the agent on behalf of the insured. See *Cotton States Mut. Ins. Co. v. C & S Nat. Bank*, 168 Ga. App. 83, 87 (2) (308 SE2d 199) (1983). Compare *Smeltzer v. Bank of Fitzgerald*, 192 Ga. App. 747, 748 (2) (386 SE2d 406) (1989).

While the Bank is correct that it may apply the amount of the account of one of its depositors to a matured debt owed by that depositor to the bank, *Nat. City Bank v. Busbin*, 175 Ga. App. 103, 105 (3) (332 SE2d 678) (1985), at the time the set-off here was effected, the indebtedness under the note was not that of Pound, to whom the assets, including cash on deposit, had been assigned, but that of W & W. Further, the note, by its terms, did not "mature" until June 15 and the set-off occurred prior to that date while the Bank was aware of the assignment and the nature of the funds in the account.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MAY 12, 1994 —
RECONSIDERATION DENIED MAY 27, 1994 — 

*Smalley & Cogburn, Robert H. Smalley, Jr.*, for appellant.

*Hendrix & Smith, Newton M. Galloway, Gambrell & Stolz, Nedom A. Haley, Meadows & Associates, Warren R. Power*, for appellees.

*Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Brynda S.*

*Rodriguez*, amici curiae.