S96A1607. CITY OF FORT OGLETHORPE v. BOGER et al.

(480 SE2d 186)

THOMPSON, Justice.

This case presents a challenge to the power of the General Assembly to annex municipal property which is not contiguous to lands owned by the municipality. We hold that the General Assembly's authority to annex municipal property is limited only by the state and federal constitutions, and that, therefore, the General Assembly can annex non-contiguous property.

On March 29, 1984, the General Assembly changed the corporate limits of the Town of Fort Oglethorpe (now the City of Fort Oglethorpe) by annexing the property on the west side of Cloud Springs Road. Ga. L. 1984, p. 5109. That property, which was the site of the development of Market Place Mall, was not adjacent or contiguous to an existing municipal boundary. In fact, it was more than two miles from the city limits.

Eleven years after the General Assembly's annexation, the City annexed 27 acres of land on the east side of Cloud Springs Road — directly across from Market Place Mall. Plaintiffs brought this declaratory judgment action to have the City's annexation declared null and void.[1] The trial court awarded plaintiffs the declaratory relief they sought, finding the City's annexation invalid and enjoining the City from taking any action with respect to the annexed property. The City appeals.

A city can only annex an area which is adjacent or contiguous to its boundaries.[2] A "contiguous area" is any area which "abuts directly on the municipal boundary or is separated from the municipal boundary by a street or street right of way . . . ." OCGA § 36-36-52 (1). See generally OCGA §§ 36-36-20; 36-36-31; 36-36-90. Inasmuch as the property annexed by the City is separated from the Market Place Mall property by the width of Cloud Springs Road only, it is a "contiguous area." OCGA § 36-36-52 (1). It follows that the City's annexation was valid so long as the General Assembly's annexation of the Market Place Mall property was valid. Thus, even though this dispute focuses on the property annexed by the City, the question for

---

[1] Plaintiffs alleged they live in close proximity to the annexed property; that the city has plans to rezone the property to permit the construction of a truck stop; and that the utilization of the property as a truck stop will significantly diminish the fair market value of their property. The trial court determined that declaratory relief was appropriate. Because the interests of the parties in the controversy are adverse, we agree. OCGA § 9-4-2 (b); *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312 (3) (66 SE2d 726) (1951). Compare *Pangle v. Gossett*, 261 Ga. 307 (1) (404 SE2d 561) (1991) (declaratory judgment is inappropriate where both appellants and appellees seek declaration that statute is unconstitutional).

[2] See OCGA §§ 36-36-21; 36-36-32; 36-36-54; 36-36-92.

decision is whether the General Assembly's annexation was valid.

The trial court determined that the Market Place Mall property was not validly annexed by the General Assembly because it was not contiguous to the municipal boundary of the City. This determination was erroneous. Although contiguity is a requirement for annexation by a municipality, there is no such requirement for annexation by the General Assembly. The legislature's power to annex property is limited only by the federal and state constitutions. Ga. Const. of 1983, Art. III, Sec. VI, Par. I. See also *Lee v. City of Jesup*, 222 Ga. 530, 531 (1) (150 SE2d 836) (1966) (state constitution gives legislature power to alter municipal boundaries and Home Rule Act, OCGA § 36-35-1 et seq., does not limit that power).

Plaintiffs assert that OCGA § 36-36-50[3] demonstrates the General Assembly's intent to be bound by a contiguity requirement. We disagree. The plain meaning of that Code section is that the General Assembly is not precluded from annexing contiguous property simply because it granted to municipalities the authority to do that. That Code section cannot be construed to limit the power of the legislature to annex property which is not contiguous to a municipality. After all, our Constitution states:

> The General Assembly shall not abridge its powers under this Constitution. No law enacted by the General Assembly shall be construed to limit its powers.

Ga. Const. of 1983, Art. III, Sec. VI, Par. III. See also *Lee v. City of Jesup*, supra.

Inasmuch as the General Assembly's power to annex municipal property is plenary, its annexation of the non-contiguous Market Place Mall property was valid. It follows that the City's annexation of property which was contiguous to the Market Place Mall property was also valid.

*Judgment reversed. All the Justices concur, except Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

Our state constitution provides, in relevant part, that "no local

---

[3] OCGA § 36-36-50 provides, in part:

It is declared to be the intention of the General Assembly in enacting this article to provide a method for annexing to municipal corporations areas which meet the legislative standards established by Code Section 36-36-54. This article is not intended to affect or restrict the present authority of the General Assembly to legislate regarding the annexation of any area contiguous to any municipal corporation in this state, nor to limit in any way the authority of the General Assembly to provide alternative methods for extending municipal boundaries.

or special law shall be enacted in any case for which provision has been made by an existing general law. . . ." Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution of 1983. In my opinion, OCGA § 36-36-50 is a general law which limits annexation, whether by the municipality or the General Assembly, to contiguous areas. It follows that Ga. L. 1984, p. 5109, as a special law which annexes non-contiguous areas into the City of Fort Oglethorpe, is unconstitutional. Accordingly, I respectfully dissent.

The intent of Art. III, Sec. VI, Par. IV is to insure that, after the General Assembly has entered a field by enacting a general law, that field then is reserved exclusively to general legislation and is not open to special or local laws. *City of Atlanta v. Hudgins*, 193 Ga. 618, 623 (1) (19 SE2d 508) (1942). "What the constitution seeks to do is to prevent the creation of special laws giving any one community any more rights or privileges than another. . . ." *DeJarnette v. Hosp. Auth. of Albany*, 195 Ga. 189, 202 (4) (23 SE2d 716) (1942). OCGA § 36-36-50 provides:

> It is declared to be the intention of the General Assembly in enacting this article to provide a method for annexing to municipal corporations areas which meet the legislative standards established by Code Section 36-36-54. This article is not intended to affect or restrict the present authority of the General Assembly to legislate regarding the annexation of *any area contiguous to any municipal corporation in this state*, nor to limit in any way the authority of the General Assembly to provide alternative methods for extending municipal boundaries. . . .

(Emphasis supplied.) It is clear that this general law does not preclude the General Assembly from annexing areas into a municipality by local legislation. *Ballentine v. Willingham*, 237 Ga. 60 (1) (226 SE2d 593) (1976). The question is, however, whether OCGA § 36-36-50 precludes the annexation of non-contiguous areas into a municipality by local legislation. OCGA § 36-36-50 serves as a preclusion on the annexation of non-contiguous areas into a municipality by local legislation, if that statute constitutes a public policy determination that only contiguous areas may be annexed into a municipality.

The majority holds that OCGA § 36-36-50 cannot be construed as a preclusion on the General Assembly's power to annex non-contiguous property into a municipality. However, the statute provides only that the authority granted to municipalities to annex contiguous areas does not divest the General Assembly of its power to do likewise. If the General Assembly considered its power to annex to be plenary, then there would be no necessity for the General Assembly

to specify that its power to annex contiguous areas would be unaffected by OCGA § 36-36-50. The General Assembly would simply have stated that enactment of OCGA § 36-36-50 would not affect or restrict its plenary authority to legislate with regard to municipal annexation. It cannot be presumed that the General Assembly intended that the word "contiguous" as employed in OCGA § 36-36-50 be without meaning. *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). While it is true that OCGA § 36-36-50 is merely a statement of the purpose of Art. VI of Title 36, Art. III, Sec. VI, Par. IV of our constitution

> embraces every field and subject which has been covered, though superficially, by a general law. If such a law is not exhaustive and fails to reach every minute element of the subject dealt with, the remedy, and the only constitutional remedy for a more exhaustive legislative treatment, is by amendment of the general law by a general enactment.

*City of Atlanta v. Hudgins*, supra at 623 (1). OCGA § 36-36-50 covers the field or subject of annexation by the General Assembly and intimates that only contiguous areas are to be annexed. Accordingly, I believe that OCGA § 36-36-50 should be construed as a general law limiting the General Assembly to annexation of contiguous areas into municipalities by local laws. Accordingly, I respectfully dissent to the majority's reversal of the trial court's declaration that Ga. L. 1984, p. 5109 is an unconstitutional local law in contravention of OCGA § 36-36-50.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED FEBRUARY 3, 1997.

*Minor, Bell & Neal, Stephen B. Farrow,* for appellant.
*John O. Wiggins,* for appellees.
*Walter E. Sumner, David G. Archer, James F. Grubiak, Ellis, Easterlin, Peagler, Gatewood & Skipper, James M. Skipper, Jr., Brinson, Askew, Berry, Seigler, Richardson & Davis, Robert M. Brinson, James D. Blitch IV,* amici curiae.