## S99A1256. CAFÉ EROTICA, INC. v. PEACH COUNTY.
(526 SE2d 56)

BENHAM, Chief Justice.

At issue in this appeal is the constitutionality of an ordinance passed by Peach County regulating the sale and consumption of alcohol at adult entertainment establishments. Appellant Café Erotica is a business in Peach County that serves alcohol and offers nude dancing for the entertainment of its patrons. This Court ruled in *Chambers v. Peach County*, 266 Ga. 318 (467 SE2d 519) (1996) ("*Chambers I*"), that the ordinance was unconstitutional because the County, in enacting the ordinance, failed to rely on evidence reasonably related to the harmful secondary effects of adult entertainment establishments the County wished to regulate and thus violated the First Amendment free speech rights of the establishments.

In response to *Chambers I*, the Board of Commissioners of Peach County conducted a public hearing regarding the potential negative impact of adult entertainment establishments. The stated purpose of the public hearing was to evaluate the impact of adult entertainment establishments on the interests of the citizens of Peach County in order to determine the necessity of regulating adult entertainment establishments. At the hearing, the Commissioners reviewed studies conducted by other jurisdictions and also heard testimony from local law enforcement officials regarding increased criminal activity near adult entertainment establishments in Peach County. The Commissioners concluded that the sale of alcohol at adult entertainment establishments "has or may have serious adverse effects on the surrounding community, including an increase in certain types of criminal activity and a decrease in property values." An Ordinance to Prohibit Specified Types of Entertainment, Attire, and Conduct Upon Any Premises Licensed to Sell, Serve, or Dispense Alcoholic Beverages Within the Unincorporated Area of Peach County; To Regulate Specified Types of Employment, Live Entertainment, and Contests; and for Other Purposes, enacted September 10, 1996.

Based on the Commissioners' findings, Peach County passed a

new ordinance prohibiting the sale and consumption of alcohol at adult entertainment establishments. Shortly thereafter, Veeda Chambers, the plaintiff in *Chambers I*, brought an action to enjoin the enforcement of the new ordinance and requested an interlocutory injunction. The trial court denied Chambers' motion for interlocutory injunction. This Court upheld the constitutionality of the ordinance with respect to the alcohol restriction when it affirmed the trial court's denial of an interlocutory injunction in *Chambers v. Peach County*, 268 Ga. 672 (492 SE2d 191) (1997) ("*Chambers II*").

While *Chambers II* was pending, Café Erotica brought this suit seeking to enjoin the enforcement of the Peach County ordinance. Both parties filed motions for summary judgment. The trial court granted Peach County's motion for summary judgment and denied Café Erotica's motion for summary judgment, resulting in this appeal.

We hold that the trial court did not err in upholding the constitutionality of the ordinance. The trial court properly followed our holding in *Chambers II* where we found that the ordinance in question was content-neutral and analyzed the constitutionality of the ordinance in question using the three-pronged test outlined in *Paramount Pictures Corp. v. Busbee*, 250 Ga. 252 (1) (297 SE2d 250) (1982). Café Erotica presents no new evidence or arguments that would give us cause to depart from our holding in *Chambers II*.

1. Café Erotica contends that the ordinance is not content-neutral, as evidenced by a statement made by the County Attorney that the County was attempting to eliminate nude dancing. Café Erotica urges that we disregard the stated intent of the Peach County Board of Commissioners in passing the legislation and focus on the statement made by the County Attorney in determining the true intent behind the legislation. However, caution should be used when inquiring into legislative intent. *United States v. O'Brien*, 391 U. S. 367, 383-384 (88 SC 1673, 20 LE2d 672) (1968); *State v. Miller*, 260 Ga. 669 (398 SE2d 547) (1990). In overturning a facially constitutional statute based on extrinsic evidence of the legislature's intent, only the "clearest proof" will suffice as justification. *Flemming v. Nestor*, 363 U. S. 603, 617 (80 SC 1367, 4 LE2d 1435) (1960). In *Goldrush II v. City of Marietta*, 267 Ga. 683 (482 SE2d 347) (1997), we refused to invalidate a similar ordinance regulating adult entertainment where there was evidence that the mayor and several council members expressed their intent to abolish nude dancing from the City of Marietta. Based on these holdings, we conclude that the statement of the County Attorney, who was not on the Board of Commissioners and was not entitled to vote for enactment of the ordinance, is not sufficient evidence to cause us to depart from our ruling in *Chambers II* that the ordinance is content-neutral.

Café Erotica calls our attention to language in the ordinance that specifically references "nude entertainment," "adult entertainment," "live commercial nudity in general," and "cinematographic or videographic adult entertainment" in support of its argument that the ordinance is not content-neutral. This language was present at the time we determined the ordinance to be content-neutral in *Chambers II* and we see no need to depart from this conclusion.

2. In its second enumeration of error, Café Erotica contends the trial court erred in applying intermediate scrutiny. Since we find that the ordinance was content-neutral, the trial court did not err in applying the intermediate scrutiny standard for content-neutral legislation outlined in *Paramount Pictures Corp.*, supra. See *Goldrush II v. City of Marietta*, supra at 683 (5).

3. Café Erotica challenges the adequacy of the evidence relied upon by Peach County in its determination that an important governmental interest was threatened by adult entertainment establishments. In its third enumeration of error, Café Erotica contends that the trial court erred in holding that an important governmental interest was threatened because there was no evidence that Peach County had experienced any of the negative effects it believed to be associated with adult entertainment establishments. In another enumeration, Café Erotica argues that the trial court erred in simply inquiring whether the Commissioners "reasonably believed" that the evidence they used supported their position and not examining the information the Board of Commissioners used in deciding to implement the ordinance. Café Erotica asserts that Peach County was required to present probative evidence to support its findings and asserts that the trial court should have examined the suitability of the evidence relied upon.

In making these arguments, Café Erotica urges this Court to impose more stringent duties upon the Peach County Board of Commissioners than is required by the case law. Café Erotica cites *Discotheque, Inc. v. City Council of Augusta*, 264 Ga. 623 (449 SE2d 608) (1994), in support of its contention that Peach County was required to produce probative evidence that negative secondary effects resulted from the sale of alcohol at adult entertainment establishments. However, in *Discotheque*, we only required probative evidence that the legislative body relied upon studies relating to the negative secondary effects it attempted to combat in enacting an ordinance regulating speech. *Discotheque*, supra at 624; *Club Southern Burlesque v. City of Carrollton*, 265 Ga. 528, 530 (457 SE2d 816) (1995). A local government may rely upon the studies conducted by other jurisdictions as long as the evidence it relies upon is reasonably believed to be related to the problem the city is attempting to address. *City of Renton v. Playtime Theatres*, 475 U. S. 41, 51-52 (106

SC 925, 89 LE2d 29) (1986); *Club Southern Burlesque*, supra. Nor is a legislative body required to conduct ad hoc studies relating to the negative secondary effects of the speech it wishes to regulate or show that the negative secondary effects it is attempting to prevent have actually been experienced. *City of Renton*, supra; *Club Southern Burlesque*, supra; *Intl. Eateries of America v. Broward County, Fla.*, 941 F2d 1157, 1162-1163 (11th Cir. 1991). Thus, the trial court did not err in finding that an important governmental interest was threatened in Peach County based on the hearing the Board of Commissioners conducted for that purpose and also did not err in employing a "reasonable belief" standard in scrutinizing the studies Peach County relied upon in enacting the ordinance.

4. For the reasons stated above, we find that the trial court did not err when it denied Café Erotica's motion for summary judgment and granted Peach County's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 18, 2000 —
RECONSIDERATION DENIED FEBRUARY 11, 2000.

*Thomas E. Maddox, Jr.,* for appellant.
*Cole & Cox, Susan S. Cole, Charles E. Cox, Jr.,* for appellee.