## 43575. NATIONAL SETTLEMENT ASSOCIATES OF GEORGIA, INC. v. CREEL.
(349 SE2d 177)

GREGORY, Justice.

In 1983 appellant National Settlement Associates of Georgia, Inc.

(NSA) was formed to market and service lump sum and structured settlement agreements. The record shows that the principal corporate officers of NSA operate a similar business in Charleston, South Carolina, and formed NSA to become involved in the structured settlement business in the Atlanta area. In 1983 NSA employed appellee Creel, a former claims manager for an insurance agency, to run its daily operations. Creel was NSA's sole employee, and he alone was responsible for soliciting business on behalf of the corporation, and negotiating lump sum and structured settlement agreements. The principal officers of NSA provided Creel training and substantial financial backing.

Paragraph 6 of the employment contract Creel and NSA entered into provides in part, "If this Agreement is terminated by Employee, upon termination, and continuing for a period of three years, the Employee shall not (a) Be employed (whether or not for compensation) in any capacity by a business or enterprise engaged in the business of marketing and servicing lump sum and structured settlements, *including the sale of annuities and other insurance contracts*, within a radius of two hundred miles of Atlanta, except as an employee of a Casualty Insurance Company negotiating lump sum and structured settlements for claims arising from the conduct of the employer's business." (Emphasis supplied.)

It is undisputed that in November 1985, Creel voluntarily terminated his employment with NSA and formed his own corporation to engage in the business of marketing and servicing lump sum and structured settlement agreements within a 200 mile radius of Atlanta. NSA then filed this action seeking to enjoin Creel's participation in the lump sum and structured settlement business under the restrictive covenants of the employment contract. NSA also seeks damages for lost profits resulting from Creel's actions.

The trial court found the employment contract to be invalid and denied the petition for injunctive relief. For reasons which follow, we affirm.

1. "Whether the restraints imposed by an employment contract are reasonable is a question of law for determination by the court." *Taylor Freezer Sales Co. v. Sweden &c. Corp.*, 224 Ga. 160, 162 (160 SE2d 356) (1968). The trial court interpreted the above-emphasized language of Paragraph 6 (a) to prohibit Creel "from being employed not only by a business or enterprise engaged in the business of marketing and servicing lump sum and structured settlements, but also from being employed in any capacity by a business or enterprise engaged in the sale of annuities and other insurance contracts." Relying on this interpretation, the trial court concluded that the restrictive covenant is unreasonable as it is broader than necessary for the protection of NSA. We find the trial court erred in its construction of

Paragraph 6 (a). Rather, we hold that Paragraph 6 (a) prohibits Creel from selling *only* those annuities and other insurance contracts related to the structured settlement business, and, consequently, it does not impose an unreasonable limitation on Creel.

2. The trial court also found that Paragraph 6, subsections (b), (c) and (d) of the employment contract are invalid because they contain language identical to that reviewed in Division 1. Because of our decision in Division 1, the trial court's holding in this regard is in error.

3. This court has held that since covenants against competition contained in employment contracts are in partial restraint of trade, they will be upheld "only if they are strictly limited in time and territorial effect, and are otherwise reasonable considering the business interest of the employer sought to be protected and the effect on the employee." *Orkin Exterminating Co. v. Walker*, 251 Ga. 536, 537 (307 SE2d 914) (1983).

(a) Creel conceded below that the three-year period of noncompetition contained in the employment agreement is not unreasonable, and this issue is not before us.

(b) " 'Insofar as territorial restrictions are concerned, some of them relate to the territory in which the employee was employed; others relate to the territory in which the employer does business. The former generally will be enforced. . . . [Cit.] The latter generally are unenforceable absent a showing by the employer of the legitimate business interests sought to be protected. [Cits.] It appears that the justification for this difference in treatment is that a court will accept as prima facie valid a covenant related to the territory where the employee was employed as a legitimate protection of the employer's investment in customer relations and good will. Thus a court will enforce an agreement prohibiting an employee from pirating his former employer's customers served by the employee, during the employment, at the employer's direct or indirect expense. . . .' " *Rollins Protective Services Co. v. Palermo*, 249 Ga. 138, 140 (287 SE2d 546) (1982).

In this case the restrictive covenants prohibit Creel from competing with NSA in an area within a radius of two hundred miles of Atlanta. Creel maintains this restriction is unreasonably broad. The undisputed evidence showed that while approximately 90% of the business Creel transacted on behalf of NSA was in the Atlanta area, Creel solicited business for NSA in a "substantial portion" of the area within a 200 mile radius of Atlanta. Since Creel was the sole employee in the entire area in which NSA did business, NSA is generally entitled to "protection of [its] investment in customer relations and good will" in this entire area. *Palermo*, supra at 140. We find that this is an unusual business which justifies an unusually large geographical re-

striction. We hold, therefore, that under the particular circumstances of this case, the territorial restriction is not unreasonable.

(c) Creel argued below that the language of Paragraph 6 (a) which provides "the Employee shall not . . . be employed . . . *in any capacity* by a business or enterprise engaged in the business of marketing and servicing lump sum and structured settlements," is unreasonable as it prohibits him from securing any type of employment with a competitor of NSA. (Emphasis supplied.) We agree.

This court has held that "an employment contract which prohibits the employee, upon leaving such employment, from obtaining employment with a competitor *in any capacity* is unreasonable." *Dunn v. Frank Miller Assoc.*, 237 Ga. 266, 268 (227 SE2d 243) (1976); *Hudgins & Co. v. Cole*, 247 Ga. 182 (274 SE2d 462) (1981). Paragraph 6 (a) of the employment contract in this case would prohibit Creel from being employed even in a capacity such as a bookkeeper or filing clerk by a competitor of NSA, and consequently is unreasonable considering the business interest sought to be protected. Therefore the trial court was correct in its judgment denying NSA's petition for injunctive relief, although for a reason different from that given.

4. Relying on OCGA § 23-1-4[1] the trial court held that even if it had found the employment contract to be valid, injunctive relief is not appropriate where there is an adequate remedy at law in form of a pending claim for damages. We have held, however, that an injunction will lie in restrictive covenant cases even where damages are also sought. *Rash v. Toccoa Clinic Medical Assoc.*, 253 Ga. 322 (6) (320 SE2d 170) (1984).

*Judgment affirmed. All the Justices concur, except Marshall, C. J., and Bell, J., who dissent.*

DECIDED OCTOBER 22, 1986.

*Smith, Gambrell & Russell, John L. Latham,* for appellant.
*Barnes, Brown, Tanksley, Carr & Casurella, James C. Carr, Jr., Jeffrey G. Casurella,* for appellee.

---

[1] OCGA § 23-1-4 provides, "Equity will not take cognizance of a plain legal right where an adequate and complete remedy is provided by law; but the mere privilege of a party to bring an action at law or the existence of a common-law remedy not as complete or effectual as the equitable relief shall not deprive equity of jurisdiction."