## A91A2156. STUBBS v. THE STATE.
### (415 SE2d 486)

SOGNIER, Chief Judge.

James Daniel Stubbs appeals from his conviction for child molestation.

In his sole enumeration of error, appellant contends the trial court erred by admitting evidence of similar transactions when notice of intent to introduce such evidence was not properly served upon appellant. We do not agree. USCR 31.3 (B) requires that the prosecutor serve such written notice upon defense counsel. Although appellant is correct that OCGA § 17-1-1 (b) (2) provides that delivery may be made in three ways, none of which was used by the prosecutor in this case, that subsection is inapplicable in this case. Subsection (b) (1) of that statute provides that "[s]ervice upon the attorney or upon a party shall be made by delivering a copy to him *or by mailing it to him at his last known address,*" (emphasis supplied) which the certificate of service included in the record shows the prosecutor certified had been done in this case.

Although appellant's counsel indicated to the court that he had not received the mailed notice, OCGA § 17-1-1 (b) (3) provides that "[s]ervice by mail shall be deemed complete upon mailing." The language of the statute thus unambiguously supports the trial court's ruling here. We note as well that, although we have found no cases interpreting OCGA § 17-1-1 (b) (3), in construing the predecessor statute to OCGA § 9-11-5 (b), the civil counterpart of OCGA § 17-1-1 (b) containing identical service provisions, the Supreme Court has found that service by mail as provided in the statute provides notice which is "reasonably calculated to inform parties of matters affecting their interests. There is no constitutional requirement beyond this." *Allen v. Bd. of Tax Assessors,* 247 Ga. 568, 569 (277 SE2d 660) (1981). Consequently, where it is undisputed that service is properly made in accordance with the statutory provisions, "actual notice is not required," id., and it is immaterial that the notice was not received. In this case, no evidence was proffered to rebut the prima facie evidence of proper service presented by the certificate of service, see OCGA § 17-1-1 (e) (2), and we hold the trial court did not err by allowing into evidence the similar transactions covered by the notice.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

Decided February 3, 1992.

Hal T. Peel, for appellant.
Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney, for appellee.