## A95A0602. ACTION FOR A CLEAN ENVIRONMENT et al. v. STATE OF GEORGIA.
### (457 SE2d 273)

JOHNSON, Judge.

In 1993 the Georgia Legislature passed OCGA § 2-16-1 et seq., a bill entitled "Action for Disparagement of Perishable Food Products or Commodities." Action for a Clean Environment (ACE) and Parents for Pesticide Alternatives (PPA) are environmental "watch-dog" groups which publish newsletters, distribute pamphlets, lecture parent groups and write letters to editors of various Georgia newspapers regarding food safety issues. Fearing suits arising from the new statute, ACE and PPA brought this action against the State of Georgia in Fulton County Superior Court seeking to have the new statute, which provides a cause of action to any producer, processor, marketer, or seller of agricultural or aquacultural product injured by disparaging remarks about their products, declared unconstitutional.[1]

The State of Georgia filed a motion to dismiss asserting it has no legal interest adverse to ACE and PPA and that plaintiffs failed to establish the existence of a justiciable controversy. The trial court granted the state's motion and ACE and PPA appeal. The appeal was initially filed in the Supreme Court, but was transferred to this court because the appeal challenges the trial court's dismissal of plaintiffs' action, which is a procedural rather than a constitutional issue. See *Marr v. Ga. Dept. of Education*, 264 Ga. 841 (452 SE2d 112) (1995).

Assuming, arguendo, the State of Georgia is a proper party in a suit against PPA or ACE because it participates in promoting and/or marketing agricultural products, an inchoate claim does not give rise to a justiciable controversy. "OCGA § 9-4-2 (a) provides for declaratory judgments in 'cases of actual controversy.' The words 'actual controversy' mean a justiciable controversy where there are interested parties asserting adverse claims on an accrued set of facts. [Cit.]" *Cramer v. Spalding County*, 261 Ga. 570, 572 (2) (409 SE2d 30) (1991). In *Pangle v. Gossett*, 261 Ga. 307, 308 (404 SE2d 561) (1991), the Supreme Court notes that subsection (b) of the Georgia Declaratory Judgment Act creates broader and more comprehensive jurisdiction over justiciable controversies than the declaratory judgment acts of some other states. Nonetheless, "the presence in the declaratory judgment action of a party with an interest in the controversy adverse to that of the petitioner is necessary under either subsection (a) or

---

[1] The new statute defines disparagement as: "[T]he *willful or malicious* dissemination to the public in any manner of *false* information that a perishable food product or commodity is not safe for human consumption. The information shall be deemed to be false if it is not based upon reasonable and reliable scientific inquiry, facts, or data." (Emphasis supplied.) OCGA § 2-16-2 (1).

(b). For a controversy to justify the making of a declaration, it must include a right claimed by one party and denied by the other, and not merely a question as to the abstract meaning or validity of a statute." (Citations and punctuation omitted.) Id. at 308 (1). See also *Pilgrim v. First Nat. Bank of Rome*, 235 Ga. 172 (219 SE2d 135) (1975). In this case there is no party to this action who seeks to uphold the constitutionality of the statute under attack. Because there is no adverse party to the proceeding, the trial court correctly dismissed appellants' declaratory judgment action for failure to state a claim.

"A controversy is justiciable when it is definite and concrete, rather than being hypothetical, abstract, academic or moot. [Cit.] Similarly, federal courts employ the doctrine of 'ripeness' under the Article III requirement of a 'case or controversy.' [Cit.]" *Cheeks v. Miller*, 262 Ga. 687, 688 (425 SE2d 278) (1993). Appellants' challenge to the new statute giving rise to a cause of action for disparagement of perishable food products is not ripe for review.

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED MAY 4, 1995 — 

*David J. Bederman*, for appellants.

*Michael J. Bowers, Attorney General, Robert S. Bomar, Senior Assistant Attorney General, Cathy C. Taylor, Assistant Attorney General*, for appellee.

