### A01A1496. ALLIED INFORMATICS, INC. v. YERUVA.
(554 SE2d 550)

MILLER, Judge.

The issue on appeal is whether the trial court erred by concluding that a nonsolicit covenant and various liquidated damages provisions in an employment contract were unenforceable. We discern no error and affirm.

Sairam Yeruva entered into an employment contract with Allied Informatics, Inc. ("Allied") on February 20, 1998. Under the contract, Yeruva was to provide computer consulting services to Allied and its clients. The contract contained a nonsolicit covenant and several liquidated damages provisions in the event of a breach. Yeruva also signed a separate document reiterating the nonsolicit covenant. The relevant provisions of the employment contract are as follows:

2. TERMS — If EMPLOYEE voluntarily terminate[s] his/her services during continuity of project, he/she shall owe Allied the sum of 5,000 dollars as liquidated damages for time and money spent by [A]llied to procure and start the project. If EMPLOYEE voluntarily terminates his/her services after completion of project but with[in] the period of fifteen (15) months from the starting date of employ[ment], employee shall owe Allied the sum of 10,000 dollars as liquidated damages for time and money spent for recru[i]ting, loss of use and marketing of employee services. Employee[ ] agrees to give thirty day written notice for employment termination. If the employee violates this term, employee shall owe an amount of $5,000.00 (Five thousand dollars) to Allied as liquidated damages. . . . 6. SOLICITATION — EMPLOYEE agrees that he/she will not directly or indirectly solicit employment or enter into a contractual agreement with any Client/Firm, where he/she was assigned to work, for a period of one year after the last working day of the assignment. If the employee violates this term, employee shall owe an amount of $10,000.00 (Ten thousand dollars) to

Allied as liquidated damages for time and money spent for recru[i]ting, loss of use and marketing of employee services.

Allied sued Yeruva on April 28, 1999, alleging that Yeruva breached the employment contract and noncompete agreement by terminating his employment with Allied (1) during a project, (2) within 15 months of the starting date of his employment, and (3) without giving 30-day written notice, and then (presumably, although this is unclear) continuing to work for the same client with whom he had been working while at Allied.

Yeruva moved for summary judgment, contending that the liquidated damages provisions and the nonsolicit covenant in the contract were unenforceable. The trial court treated Yeruva's motion as a motion for partial summary judgment and held that "the liquidated damages provisions of the contract [were] unenforceable and [that] paragraph 6 of the contract [was] unenforceable as overly broad. . . ."

1. "In reviewing a grant or denial of summary judgment, this Court conducts a de novo review of the evidence" to determine whether "there is no genuine issue of material fact and [whether] the undisputed facts, viewed in the light most favorable to the [nonmovant], warrant judgment as a matter of law."[1]

Furthermore, "[d]etermining whether the [contract] clause constitutes an enforceable liquidated damages provision or an unenforceable penalty is a question of law for the court."[2] To decide whether the provision is enforceable, the court must determine if (1) the injury caused by the breach is difficult or impossible to accurately estimate, (2) the parties intended to provide for damages rather than a penalty, and (3) the stipulated sum is a reasonable pre-estimate of the probable loss.[3]

Setting aside whether the parties intended for these liquidated damages provisions to be anything other than penalties, we hold that the damages are not difficult to calculate in this case, and that the stipulated sums are not reasonable pre-estimates of the probable loss. Damages for "time and money spent by Allied to procure and start [a] project," and for "recruiting, loss of use and marketing of employee services," can be calculated based on discrete values. Further, any damage from Yeruva failing to give 30 days notice of termination is capable of being calculated from the circumstances sur-

---

[1] (Citations and punctuation omitted.) *Carter v. Tokai Financial Svcs.*, 231 Ga. App. 755 (500 SE2d 638) (1998).

[2] (Punctuation and footnote omitted.) *Lager's, LLC v. Palace Laundry*, 247 Ga. App. 260, 265 (3) (543 SE2d 773) (2000).

[3] Id.

rounding the termination. The damages in this case could vary depending on the type of project involved, when the employee terminated the employment, the hourly rate for work done and remaining to be done, and several other factors. The damages could be very small or very large depending on the circumstances surrounding the breach. No evidence shows that the sums identified in the contract bear any relation to the actual damages that could be incurred from a breach. We therefore hold that the liquidated damages provisions at issue are unenforceable penalties.[4]

2. Allied also contends that the trial court erred by holding that the nonsolicit covenant was overbroad and unenforceable as a matter of law. We disagree. Restrictive covenants ancillary to employment contracts are subject to strict scrutiny and cannot be blue-penciled.[5]

> Whether the restraint imposed by the employment contract is reasonable is a question of law for determination by the court, which considers the nature and extent of the trade or business, the situation of the parties, and all the other circumstances. A three-element test of duration, territorial coverage, and scope of activity has evolved as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied.[6]

The covenant must be "reasonably necessary to protect the interest of the party in whose favor it is imposed, and [cannot] unduly prejudice the interests of the public."[7]

We hold that the nonsolicit covenant here is overbroad because it does not limit the type of business that Yeruva is prohibited from doing with an Allied client. The terms "employment" and "contractual agreement" are not limited in the agreement and could encompass work that has nothing to do with the type of work that Yeruva did while he was employed with Allied. Based on the contract as written, any employment or contractual agreement, even though completely unrelated to Allied's business, would be in violation of the nonsolicit agreement. Such a provision is not reasonably necessary to protect

---

[4] See *Capricorn Systems v. Pednekar*, 248 Ga. App. 424, 427 (2) (c) (546 SE2d 554) (2001) (liquidated damages clause unenforceable where damages set arbitrarily at $50,000 and bore no rational relationship to actual or potential damages); *Thorne v. Lee Timber Products*, 158 Ga. App. 226, 227-228 (279 SE2d 521) (1981) (liquidated damages clause unenforceable where actual damages can be calculated).

[5] *Habif, Arogeti & Wynne, P.C. v. Baggett*, 231 Ga. App. 289 (1) (498 SE2d 346) (1998).

[6] (Citations and punctuation omitted.) *W. R. Grace & Co. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992).

[7] (Footnote omitted.) *Northside Hosp. v. McCord*, 245 Ga. App. 245, 247 (1) (537 SE2d 697) (2000).

the interests of Allied and is therefore overbroad and unenforceable.[8]
  *Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 28, 2001.

*Udai V. Singh*, for appellant.
*Lackland & Associates, Theodore H. Lackland, Karen D. Fultz*, for appellee.

---

[8] See id. at 248 (2); see also *Uni-Worth Enterprises v. Wilson*, 244 Ga. 636, 639-640 (1) (261 SE2d 572) (1979).
[1] *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).