A03A0119. PREGLER et al. v. C&Z, INC.
(575 SE2d 915)

BLACKBURN, Presiding Judge.

In this case regarding the enforcement of a nonsolicitation and a nondisclosure agreement between an employer and an employee, Candi Pregler and Core Investigations, Inc. appeal the trial court's grant of an interlocutory injunction in favor of C&Z, Inc. d/b/a Combined Investigators, contending, among other things, that the trial court erred by failing to find both the nonsolicitation and nondisclosure paragraphs of the agreement unenforceable as a matter of law. For the reasons set forth below, we reverse.

The record shows that Pregler worked for C&Z, a private investigation firm, as a sales associate. During her tenure with C&Z, Pregler signed the agreement which contained both a nonsolicitation and a nondisclosure paragraph. Pregler subsequently informed C&Z that she was resigning in order to start her own private investigation firm, Core Investigations. Shortly thereafter, C&Z filed suit against Pregler for violating the nonsolicitation and nondisclosure paragraphs of the agreement, and C&Z requested the interlocutory injunction which forms the basis of this appeal.

"We may not reverse the grant or denial of preliminary injunctive relief absent an abuse of discretion, or, as alternatively stated, unless there was no evidence on which to base the ruling. When the evidence is not in material conflict, however, the applicable rules of law cannot be avoided on the basis of discretion." (Citations and punctuation omitted.) *Allen v. Hub Cap Heaven*.[1]

In this case, rules of law render unenforceable both the nonsolic-

---

[4] *Gibbons v. State*, 248 Ga. 858, 863 (286 SE2d 717) (1982).

[5] *In the Interest of A. L.*, 255 Ga. App. 215, 216 (1) (564 SE2d 823) (2002).

[1] *Allen v. Hub Cap Heaven*, 225 Ga. App. 533, 534 (484 SE2d 259) (1997).

itation and nondisclosure paragraphs contained in the agreement. Each clause will be considered separately.

1. *Nonsolicitation clause*. The agreement provides:

> During the term of the Employee's employment by the Corporation and for a period of one (1) year following the termination of such employment for any reason whatsoever, the Employee shall not (except on behalf of or with the prior written consent of the Corporation), either directly or indirectly, on the Employee's own behalf or on behalf of others, (1) solicit, divert, appropriate to *or accept* on behalf of any Competing Business, or (2) attempt to solicit, divert, appropriate to or accept on behalf of a Competing Business, any business from any customer or actively sought prospective customer of the Corporation with whom the Employee has had regular contact, whose contacts with the .Corporation have been supervised by the Employee or about whom the Employee has acquired Proprietary Information . . . in the course of his or her employment.

(Emphasis supplied.)

Noncompetition and nonsolicitation covenants against competition contained in employment agreements are in partial restraint of trade. As such, they may be upheld only when they are strictly limited in. both time and geographical effect. Additionally, these restrictions must be otherwise reasonable, considering the business interests of the employer needing protection and the effect of the restrictions on the employee. *Nat. Settlement Assoc. v. Creel.*[2]

The nonsolicitation clause contained in the agreement is unenforceable because it prevents Pregler from accepting business from *unsolicited* former clients.

> The restraint is overbroad. . . . It prohibits not only solicitation of former [C&Z] clients but also acceptance of any work from such clients regardless of who initiated the contact. This is an unreasonable restraint . . . , because in addition to overprotecting [C&Z's] interest, it unreasonably impacts on [Pregler] and on the public's ability to choose the professional services it prefers.

(Punctuation and emphasis omitted.) *Dougherty, McKinnon &c. v. Greenwald, Denzik &c.*[3]

---

[2] *Nat. Settlement Assoc. v. Creel*, 256 Ga. 329, 331 (3) (349 SE2d 177) (1986).

[3] *Dougherty, McKinnon &c. v. Greenwald, Denzik &c.*, 213 Ga. App. 891, 894 (2) (b) (447 SE2d 94) (1994).

Because the above-quoted nonsolicitation clause is unenforceable, all of the nonsolicitation covenants included in the agreement are likewise unenforceable. "Georgia law is clear that if one of them is unenforceable, then they are all unenforceable. This is based on the concept that in restrictive covenant cases strictly scrutinized as employment contracts, Georgia does not employ the 'blue pencil' doctrine of severability." (Footnote omitted.) *Advance Technology Consultants v. RoadTrac, LLC.*[4]

Accordingly, the trial court erred by granting C&Z's motion for an interlocutory injunction based on the unenforceable nonsolicitation paragraph of the agreement.

2. *Nondisclosure clause.* The agreement provides:

> All Proprietary Information and all physical embodiments thereof received or developed by the Employee while employed by the Corporation are confidential to and are and will remain the sole and exclusive property of the Corporation. Except to the extent necessary to perform the duties assigned to him or her by the Corporation, the Employee will hold such Proprietary Information in trust and strictest confidence, and will not use, reproduce, distribute, disclose or otherwise disseminate the Proprietary Information or any physical embodiments thereof and may in no event take any action causing or fail to take the action necessary in order to prevent, any Proprietary Information disclosed to or developed by the Employee to lose its character or cease to qualify as Proprietary Information.

This nondisclosure clause has no time limitation. A nondisclosure clause with no time limit is unenforceable as to information that is not a trade secret. *U3S Corp. of America v. Parker.*[5]

Furthermore, with regard to the disclosure of proprietary information, the trial court's order lacks the specificity mandated by OCGA § 9-11-65 (d). The order states that Pregler and her company "are enjoined from using, reproducing, distributing, disclosing or otherwise disseminating [C&Z's] trade secrets and proprietary information." "This provision lacks sufficient detail to fully apprise [Pregler] of which materials may not be used or disclosed and, therefore, fails to comply with OCGA § 9-11-65 (d)." *Sanford v. RDA Consultants.*[6]

Accordingly, the trial court erred by granting C&Z's motion for

---

[4] *Advance Technology Consultants v. RoadTrac, LLC*, 250 Ga. App. 317, 320 (2) (551 SE2d 735) (2001).

[5] *U3S Corp. of America v. Parker*, 202 Ga. App. 374, 378 (2) (b) (414 SE2d 513) (1991).

[6] *Sanford v. RDA Consultants*, 244 Ga. App. 308, 312 (3) (b) (535 SE2d 321) (2000).

an interlocutory injunction based on the improper nondisclosure language contained in the agreement.

*Judgment reversed. Ellington and Phipps, JJ., concur.*

DECIDED JANUARY 9, 2003.

*Robert J. Kiser*, for appellants.
*Sharon T. McCoy, Lance T. McCoy*, for appellee.