Richard HODACH, M.D., Matria Healthcare, Inc. and Matria Health Enhancement Company, Plaintiffs,

v.

CAREMARK RX, INC., Caremark, Inc. and Accordant Integrated Services, Inc., Defendants.

No. 1:05–CV–1660–WSD.

United States District Court, N.D. Georgia, Atlanta Division.

June 28, 2005.

 

Aaron Ben Chausmer, Benjamin I. Fink, Berman, Fink, Van Horn, Atlanta, GA, for Plaintiffs.

Donald W. Benson, Littler Mendelson, Atl., Atlanta, GA, for Defendants.

### *ORDER*

DUFFEY, District Judge.

This matter is before the Court on Plaintiffs' Emergency Motion to Remand ("Mot. to Remand") [3]. Defendants have filed a response to Plaintiffs' motion ("Resp. to Mot. to Remand") [4], to which Plaintiffs have replied ("Reply in Supp. of Mot. to Remand") [5].

Plaintiffs filed this action, along with a Motion for a Temporary Restraining Order, in the Superior Court of Gwinnett County, Georgia (the "Superior Court") on June 17, 2005. Plaintiffs allege that certain restrictive covenants ancillary to Plaintiff Hodach's previous employment

with Defendants are unenforceable under Georgia law.[1] They seek a declaratory judgment and injunctive relief against Defendants. The Superior Court scheduled a hearing on Plaintiffs' Motion for Temporary Restraining Order for June 24, 2005. Approximately one hour before the hearing, Defendants removed the case to this Court. Plaintiffs move the Court to remand this action to the Superior Court and to award Plaintiffs their attorneys' fees and costs incurred as a result of the removal.

■ "[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where the propriety of removal is in question, the burden of showing removal is proper is on the removing party. *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir.2001).

■ Removal here is premised on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal [1] at 5.) Section 1332 provides that this Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a). Section 1332 further states that "[f]or the purposes of this section ... a corporation shall be deemed to be a citizen of any State by which it has been incorporated

1. Plaintiffs Matria Healthcare, Inc. and Matria Health Enhancement Company are Plaintiff Hodach's future employers. According to the Complaint, Plaintiff Hodach has accepted a position with these entities, but it is unclear whether he has started his employment. (Complaint ¶ 1.)

and of the State where it has its principal place of business...." *Id.* at § 1332(c)(1). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County,* 22 F.3d 1559, 1564 (11th Cir.1994).

Complete diversity does not exist in this case.[2] Plaintiffs allege, and Defendants do not dispute, that Plaintiffs Matria Healthcare, Inc. and Matria Health Enhancement Company (the "Matria Plaintiffs") and Defendant Caremark RX, Inc. are each incorporated in Delaware, and are therefore deemed citizens of that State. (Complaint ¶¶ 2–4; Mot. to Remand at 3; Resp. to Mot. to Remand at 2–3.) Defendants argue removal is proper, however, because the Matria Plaintiffs are fraudulently joined. (Resp. to Mot. to Remand at 3–5.)

The vast majority of fraudulent joinder decisions involve a defendant alleging that a non-diverse defendant was fraudulently joined to defeat complete diversity. In these cases, the standard for fraudulent joinder is clear. *See, e.g., Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir.1997) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."). In this case, however, Defendants allege the fraudulent joinder of two non-diverse plaintiffs. The parties do not cite, and the Court's independent research was not able to locate, any cases in this Circuit addressing the standard for fraudulent joinder as applied to non-diverse plaintiffs in the circumstances presented here. The closest

case is *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir.2000). In *Tapscott,* the Court of Appeals addressed whether the misjoinder of a non-diverse plaintiff under the Alabama rules of civil procedure constituted fraudulent joinder. *Id.* at 1359–60. Defendants here do not allege the Matria Defendants were misjoined under the Georgia or Federal Rules of Civil Procedure. Thus, *Tapscott* and the district court decisions applying it are not applicable here. *See, e.g., Ferry v. Bekum Am. Corp.,* 185 F.Supp.2d 1285, 1291–92 (M.D.Fla.2002) (determining whether non-diverse plaintiff was misjoined under Rule 20 of the Federal Rules of Civil Procedure); *Koch v. PLM Intern., Inc.,* No. 97–0177, 1997 WL 907917, *3–4 (S.D.Ala. Sept. 24, 1997) (same).

■ Based on its review of Eleventh Circuit case law concerning fraudulent joinder of non-diverse defendants, as well as decisions from other jurisdictions addressing the alleged fraudulent joinder of non-diverse plaintiffs, the Court finds that where the removing party alleges a non-diverse plaintiff has been fraudulently joined, the removing party must prove that either: (1) the non-diverse plaintiff cannot state a cause of action against the defendants in state court (for example, where the non-diverse plaintiff's claims are barred as a matter of law or the non-diverse plaintiff is not a real party in interest); or (2) the plaintiff has fraudulently pleaded jurisdictional facts to destroy complete diversity. *See Crowe,* 113 F.3d at 1538; *Oliva v. Chrysler Corp.,* 978 F.Supp. 685, 688–89 (S.D.Tex.1997) ("To establish that plaintiffs were fraudulently joined, the defendant must demonstrate by clear and

---

2. The parties agree the amount in controversy in this action exceeds $75,000 exclusive of

interest and costs.

convincing evidence that either (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts or (2) there is no possibility that the plaintiffs would be able to establish a cause of action against the defendant in state court."); *Foslip Pharms., Inc. v. Metabolife Int'l, Inc.*, 92 F.Supp.2d 891, 907–09 (N.D.Iowa 2000) (holding defendant failed to demonstrate non-diverse plaintiff was fraudulently joined because there was "a distinct possibility—rather than no possibility—that [the non-diverse plaintiff] would be able to establish a cause of action against the defendants in state court"); *Grennell v. W.S. Life Ins. Co.*, 298 F.Supp.2d 390, 395–400 (S.D.W.Va.2004) ("The Court can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs.").

■ The removing party has the burden of proving fraudulent joinder. *Crowe*, 113 F.3d at 1538 ("The burden of the removing party is a heavy one.") (quotations omitted). When determining whether the case should be remanded, the Court must evaluate the factual allegations in the light most favorable to Plaintiffs and must resolve any uncertainties about state substantive law in favor of Plaintiffs. *Crowe*, 113 F.3d at 1538. "If there is even a possibility that a state court would find that [joinder was proper], the federal court must find that joinder was proper and remand the case to state court." *Id.* (citations omitted).

Defendants allege the Matria Plaintiffs are not parties to the contracts between Plaintiff Hodach and Defendants and thus do not have standing to challenge these contracts as unenforceable under Georgia law. (Resp. to Mot. to Remand at 3–5.) Specifically, Defendants contend that because "[t]here is no allegation in the Complaint that any Defendant has threatened to sue the Matria Plaintiffs or that the Matria Plaintiffs will suffer any harm if the contracts are enforced," the Matria Plaintiffs' claims concerning the restrictive covenants do not constitute an "actual controversy" under Georgia's declaratory judgment statute. (*Id.* at 3.)

■ This argument is without merit. Under Georgia law, an individual's previous employer may assert claims arising out of restrictive covenants against both the individual and his current employer. *See, e.g., Waldeck v. Curtis 1000, Inc.*, 261 Ga. App. 590, 583 S.E.2d 266, 267 (2003) (former employer asserted claims against former employee and current employer for breach of contract, unfair competition, tortious interference with contract, and misappropriation of trade secrets). Thus, an individual's current employer has an interest in determining the validity of the restrictive covenants between the individual and his previous employer. *See Enron Capital & Trade Res. Corp. v. Pokalsky*, 227 Ga.App. 727, 490 S.E.2d 136, 138–39 (1998) (holding individual's and his current employer's uncertainty regarding whether their employment relationship could legally continue into the future in light of restrictive covenants presented a justiciable case or controversy under Georgia's declaratory judgment statute).

■ In this case, it is not necessary for the Court to hypothesize concerning claims which may be asserted against the Matria Plaintiffs. Defendants have already asserted such claims. On June 24, 2005, the same day they removed this case, Defendants filed a lawsuit against Plaintiffs in North Carolina state court. (*See* North Carolina Complaint, attached to Reply in Supp. of Mot. to Remand as Exhibit A.) In that action, Defendants asserted a claim against Plaintiff Hodach for breach of his restrictive covenants, as well as claims against the Matria Plaintiffs for tortious

interference with contract. (*Id.* at ¶¶ 29–39, 40–47.)

Because it appears the Matria Plaintiffs may assert a cause of action against Defendants under the Georgia declaratory judgment statute, Defendants fail to demonstrate that the Matria Plaintiffs are fraudulently joined and that the Court has original jurisdiction over this case. Accordingly, the Court is required to remand this action pursuant to 28 U.S.C. § 1447(c).

██ Plaintiffs request an award of their reasonable costs and expenses incurred as a result of the removal. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This determination is left to the discretion of the Court. *See Graham Commercial Realty, Inc. v. Shamsi,* 75 F.Supp.2d 1371, 1373 (N.D.Ga.1998) ("An award of attorneys' fees is solely in the discretion of the court. A finding of bad faith or improper purpose by the removing party is not necessary."). Considering the improper nature of the removal here, and the delay and expense incurred as a result, the Court finds an award of costs and expenses under 28 U.S.C. § 1447(c) is warranted. Although there is authority for the Court's retention of the case to determine the reasonableness of the costs and expenses re-

quested by Plaintiffs, the Court finds that litigating this case on dual tracks—the substantive issues in the Superior Court, and the ancillary costs and expenses issue in this Court—would be inefficient and would further delay the processing of the case. Accordingly, the determination of the reasonableness of the costs and fees to be awarded to Plaintiffs is reserved for the Superior Court.[3]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Emergency Motion to Remand [3] is **GRANTED** and the Clerk of Court is **DIRECTED** to remand this action to the Superior Court of Gwinnett County, Georgia.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1447(c), Defendants are required to pay to Plaintiffs their reasonable costs and actual expenses, including attorneys' fees, incurred as a result of removal. Plaintiffs shall submit to the Superior Court within thirty (30) calendar days of this Order a detailed accounting their reasonable costs and expenses incurred as a result of the removal.

**3.** Plaintiffs in their reply brief argue that, in addition to awarding Plaintiffs their costs incurred as a result of the removal, the Court should impose sanctions against Defendants. (Reply in Supp. of Mot. to Remand at 12–14.) Plaintiffs allege that the timing of Defendants' removal and the plain lack of a valid basis for it demonstrate that the removal was intended only to cause unnecessary and unjustified delay of the hearing on Plaintiffs' Motion for Temporary Restraining Order in the Superior Court. (*Id.*) Plaintiffs' arguments are persuasive. The timing of the removal, Defendants' failure to identify its "fraudulent joinder" argument in its Notice of Removal, and the weakness of that argument in light of the claims asserted against the Matria Plaintiffs by Defendants in the North Carolina case all suggest sanctions may be appropriate. However, because Plaintiffs did not raise the issue of Rule 11 sanctions in their initial motion, Defendants have not had an opportunity to address this issue. To prevent further delay in the processing of this case and to consolidate consideration of all issues in the Superior Court, Plaintiffs' request for sanctions is denied with leave to re-file their request with the Superior Court following remand of this action.