A07A1488. AVION SYSTEMS, INC. v. THOMPSON.
(666 SE2d 464)

BLACKBURN, Presiding Judge.

In *Thompson v. Avion Systems, Inc.*,[1] the Supreme Court of Georgia vacated the judgment of this Court in *Avion Systems, Inc. v. Thompson*.[2] Therefore, we vacate our earlier opinion and adopt the opinion of the Supreme Court as our own. The Supreme Court also remanded the case to this Court for reconsideration in light of its determination that the trial court's order should have been treated as an order granting summary judgment. Accordingly, we render the following opinion, which treats the trial court's order as an order granting summary judgment.

In this action for breach of an employment contract, the employer, Avion Systems, Inc. (Avion), claims that its former employee, Maxine Thompson, violated two provisions of the agreement by terminating her employment with Avion before the required term of one year and by then continuing her employment with the assigned employer at the job site where she had been placed through Avion. In response to a motion filed by Thompson arguing that the relevant contractual provisions were unenforceable, the trial court entered summary judgment on these claims. Avion appeals, claiming that it

---

[1] *Thompson v. Avion Systems, Inc.*, 284 Ga. 15 (663 SE2d 236) (2008).

[2] *Avion Systems, Inc. v. Thompson*, 286 Ga. App. 847 (650 SE2d 349) (2007).

did not have an opportunity to respond to the motion and that the covenants were enforceable. As one of the restrictive covenants was enforceable, we affirm in part and reverse in part.

Summary judgment is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[3]

So viewed, the record shows that on July 21, 2003, Thompson entered an employment agreement with Avion. In its introductory paragraph, the contract provided that Thompson was joining Avion as a "full time employee at will" for a salary of $67,620 per year. The document then set forth a section of covenants, two of which are at issue in this action:

> The Employee, upon his/her own consent, agrees to provide on-site consulting services . . . for a minimum of twelve (12) months.

> For a period of twelve (12) months following the completion of project, the Employee unconditionally agrees to not deal directly, indirectly, or by any other means, either individually or in association with another individual or organization for any pecuniary gain with Corporation's customer or their client to whom he is assigned at the particular job site for that particular division or subdivision with whom Employee had contact. . . .

Thompson began working for Avion and was placed on a project with one of Avion's customers. On October 15, 2003, Thompson notified Avion via electronic mail that she was terminating her employment with Avion and would be working at her assignment through another contractor.

Avion brought suit thereafter, alleging that Thompson breached the covenant to provide services for one year and further breached the covenant not to compete. Arguing the contract provisions were unenforceable, Thompson moved for summary judgment,[4] with an

---

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[4] The motion sought dismissal or in the alternative summary judgment. As stated in *Thompson v. Avion Systems*, supra at 16, the presentation of matters outside the pleadings, which were not excluded by the trial court, required the trial court to treat the motion as one for summary judgment. See OCGA § 9-11-12 (b).

attached certificate of service verifying that she mailed a copy of the pleading to Avion's attorney of record. Avion's attorney maintains on appeal that he did not receive a copy of this motion and thus did not file a response. The trial court granted the motion.

Avion now appeals, arguing summary judgment was improper because: (1) Avion did not have an opportunity to respond; and (2) the contract provisions were enforceable. We disagree as to the first argument, and agree in part as to the second.

1. Avion first contends that it did not have a reasonable opportunity to respond to the motion for summary judgment, as it did not receive a copy of the motion. "[W]here it is undisputed that service [of notice] is properly made [by mail] in accordance with the statutory provisions, actual notice is not required, and it is immaterial that the notice was not received." (Citation and punctuation omitted.) *Stubbs v. State*.[5] Thompson properly certified that a copy of the motion was mailed to the employer's attorney of record, and Avion produced no evidence to refute this prima facie evidence of service. We thus decline to hold that Avion did not have a reasonable opportunity to respond to Thompson's motion.

2. Thompson argued successfully below that Avion's two breach-of-contract claims lacked merit on the ground that the contractual provisions at issue were unenforceable. Because the agreement to provide services for a minimum period of 12 months was enforceable, we agree that summary judgment was improper as to this claim. However, as to Thompson's alleged breach of the covenant not to work at the same job site where she was assigned through Avion, we hold that this noncompete covenant was unenforceable and that therefore the court properly entered summary judgment on that aspect of Avion's claim.

(a) Avion first alleged that Thompson breached the agreement by terminating her employment before 12 months. Thompson maintains that her agreement to provide services for 12 months was invalid and insists that this term, specifically enumerated with other restrictions in the contract, conflicted with the general provision for employment "at-will" in the introductory paragraph, which she argues allowed both parties to terminate the agreement at any time. She concludes that due to this purported conflict, the contract terms were ambiguous and must be construed to provide for purely at-will employment. We disagree.

The construction of a contract is a question of law for the courts, *Batson-Cook Co. v. Poteat*,[6] as is the existence or nonexistence of an

---

[5] *Stubbs v. State*, 202 Ga. App. 670 (415 SE2d 486) (1992).

[6] *Batson-Cook Co. v. Poteat*, 147 Ga. App. 506, 508 (249 SE2d 319) (1978).

ambiguity in a contract, *Cassville-White Assoc. v. Bartow Assoc.*[7] "[W]here the terms of [a] contract are clear and unambiguous, the court looks only to the contract to find the parties' intent." *Gill v. B & R Intl.*[8] "[I]f the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity." *Schwartz v. Harris Waste Mgmt. Group.*[9]

We hold that the contract provided that although the employment was generally at-will, it was subject to Thompson's agreement to refrain from terminating her employment for 12 months. To the extent there was any conflict in terms as to whether Thompson could terminate her employment at-will or was limited to a fixed term of at least one year, we resolve this issue by principles of contract construction. Pursuant to OCGA § 13-2-2 (4), we favor a construction that upholds the contract "in whole and in every part." Furthermore, "when a provision specifically addresses the issue in question, it prevails over any conflicting general language." *Woody's Steaks, LLC v. Pastoria.*[10] Where, as here, the parties have explicitly set forth restrictions on the time and manner in which an employee may terminate employment, these specific terms must prevail over any conflicting general language of employment at-will. Such a construction effectuates the clear intent of the parties, upholds the contract "in whole and in every part," and is also consistent with the common and enforceable practice of placing restrictions, such as notice provisions or covenants not to compete, on otherwise at-will employment agreements. See *Burritt v. Media Marketing Svcs.*[11] See also *The Insurance Center v. Hamilton.*[12]

Thompson further insists that the covenant was invalid because it was not "reciprocal," i.e., it imposed limitations on the employee's ability to terminate employment but did not define any such limitations on the employer. "[A] covenant is not unreasonable merely because the employer reserved the right to terminate the employee's services at any time with or without cause." *Spalding v. Southeastern Personnel of Atlanta.*[13] Where, as here, the employer offers employment and agrees to pay definite compensation, this consideration is adequate to sustain the contract, and "[t]he fact that the

---

[7] *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (a) (258 SE2d 175) (1979).

[8] *Gill v. B & R Intl.*, 234 Ga. App. 528, 530 (1) (a) (507 SE2d 477) (1998).

[9] *Schwartz v. Harris Waste Mgmt. Group*, 237 Ga. App. 656, 660 (2) (516 SE2d 371) (1999).

[10] *Woody's Steaks, LLC v. Pastoria*, 261 Ga. App. 815, 818 (1) (584 SE2d 41) (2003).

[11] *Burritt v. Media Marketing Svcs.*, 204 Ga. App. 848 (2) (420 SE2d 792) (1992).

[12] *The Insurance Center v. Hamilton*, 218 Ga. 597, 603 (2) (129 SE2d 801) (1963).

[13] *Spalding v. Southeastern Personnel of Atlanta*, 222 Ga. 339, 343 (1) (149 SE2d 794) (1966).

employee agrees to further restrictions and warranties not placed upon the employer does not divest the contract of mutuality." *Landmark Financial Svcs. v. Tarpley.*[14]

(b) Avion's second claim was that Thompson breached the agreement by continuing to work at the job site where she had been assigned through Avion. We hold that the applicable covenant not to compete was unenforceable.

Covenants against competition in employment agreements are in partial restraint of trade and are thus upheld only when strictly limited: the restrictions must be reasonable, considering the business interests of the employer needing protection and the effect of the restrictions on the employee. *Pregler v. C&Z, Inc.*[15] A three-element test of duration, territorial coverage, and scope of activity provides a helpful tool in examining the reasonableness of a restrictive covenant in an employment contract. *Sanford v. RDA Consultants.*[16] A covenant not to compete that does not specify with particularity the nature of the business activities in which the employee is forbidden to engage is generally considered unreasonable. *Howard Schultz &c., Inc. v. Broniec.*[17] By failing to specify the type of activities prohibited, such covenants in effect restrict employment in any capacity, even if completely unrelated to the employer's business, and are thus impermissibly overbroad as not reasonably necessary to protect the employer's interests. *Horne v. Drachman.*[18] See also *Allied Informatics v. Yeruva.*[19]

Here, the covenant did not specify the activities in which Thompson was prohibited from engaging, but instead prohibited her from dealing with a client "for any pecuniary gain," regardless of whether her activities were related to Avion's business. The provision was thus overbroad and unenforceable, as it is not reasonably necessary to protect the interests of Avion. Thompson was therefore entitled to partial summary judgment as to Avion's claim that she breached her agreement by continuing to work at the same job site where she had been assigned.

*Judgment affirmed in part and reversed in part. Ruffin, P. J., and Bernes, J., concur.*

---

[14] *Landmark Financial Svcs. v. Tarpley*, 236 Ga. 568, 571 (3) (224 SE2d 736) (1976).

[15] *Pregler v. C&Z, Inc.*, 259 Ga. App. 149, 150 (1) (575 SE2d 915) (2003).

[16] *Sanford v. RDA Consultants*, 244 Ga. App. 308, 310 (1) (535 SE2d 321) (2000).

[17] *Howard Schultz &c., Inc. v. Broniec*, 239 Ga. 181, 184 (2) (236 SE2d 265) (1977).

[18] *Horne v. Drachman*, 247 Ga. 802, 805 (2) (280 SE2d 338) (1981).

[19] *Allied Informatics v. Yeruva*, 251 Ga. App. 404, 406 (2) (554 SE2d 550) (2001).

DECIDED JULY 25, 2008.

*Theodore H. Lackland*, for appellant.
*Breedlove, Lassiter & York, Levi Breedlove, Monica A. York*, for appellee.